# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Joe Bohlman, | No. CV-11-633-TUC-CKJ-DTF |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| Warden Craig Apker, | |
| Respondent. | |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241. Petitioner, Jeremy Joe Bohlman, alleges that the Bureau of Prisons (BOP) failed to credit his federal sentence with 134 days of time served. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1) and Respondent's Answer (Doc. 7).

**Background**

Bohlman was convicted of sexual abuse of a minor on January 8, 2007. (Doc. 7-1 at 12.) He was sentenced to 50 months in prison, which he completed on January 15, 2010, followed by three years of supervised release. (*Id.* at 12, 13.) On April 20, 2010, he was arrested for failure to register as a sex offender. (*Id.* at 23.) On June 8, his supervision was revoked and he was sentenced to 10 months in prison for violating the terms of his release. (*Id.* at 9.) On August 31, 2010, he was sentenced to 27 months for failing to register as a sex offender, followed by 5 years of supervised release. (*Id.* at 10.) This sentence was ordered to run concurrently with

his supervised release violation sentence. (*Id.*)

## Analysis

Bohlman argues that BOP calculated his complete sentence for both crimes as 29 months and 23 days, when the total should be 27 months, the length of the longer of his two concurrent sentences. In other words, Bohlman contends the entire period he was incarcerated prior to his August 31, 2010 sentencing date, should be credited as presentence time for his 27-month sentence.

The fallacy in Bohlman's argument is that from June 8 to August 30, Bohlman had begun serving his sentence for violating his supervised release. He could not begin serving his 27-month sentence until that sentence was imposed on August 31. 18 U.S.C. § 3585(a). Nor could he receive credit towards the 27-month sentence for the time he was serving another sentence. *See* 18 U.S.C. § 3585(b) (defendant entitled to credit towards his sentence for time spent in detention prior to the start date of the sentence "that has not been credited against another sentence").

Multiple concurrent prison terms are treated, administratively, as a single aggregate term. 18 U.S.C. § 3584(c). From June 8 to August 30, 2010, Petitioner served 2 months and 23 days of his 10-month sentence for violating his supervised release. Beginning on August 31, Bohlman began serving his 27-month concurrent sentence (which encompassed the remainder of his 10-month term). Thus, his aggregate sentence is 29 months and 23 days, beginning on June 8, 2010. BOP credited Bohlman with 49 days of presentence time served, from April 20 to June 7. (Doc. 7-1 at 11.) After the deduction of presentence credit, the full term of Bohlman's sentence expires on October 12, 2012. This comports with the date as calculated by BOP. (*Id.*) Thus, with good time credit, Bohlman is scheduled for release on June 18, 2012. (*Id.*)

Because Petitioner's sentence was correctly calculated by BOP and he is not entitled to credit for any additional presentence time, there is no basis for habeas relief.

## Recommendation

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 11-633-TUC-CKJ**.

DATED this 29th day of May, 2012.

D. Thomas Ferraro
United States Magistrate Judge